521 P.2d 148

The STATE of Arizona, Appellee,

v.

Edward Lee DIXON, Appellant.

No. 2 CA–CR 361.

Court of Appeals of Arizona,
Division 2.

April 17, 1974.

As Corrected on Denial of Rehearing
May 22, 1974.

Review Denied June 11, 1974.

Gary K. Nelson, Atty. Gen. by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Ed Bolding, former Pima County Public Defender, John M. Neis, Pima County Public Defender by Charles J. Babbitt, Asst. Public Defender, Tucson, for appellant.

OPINION

KRUCKER, Judge.

By appeal appellant seeks to have his sentence of not less than four nor more than five years in the Arizona State Prison vacated and the case remanded for resentencing.

In December of 1972, appellant Dixon was arrested and charged with two counts of armed robbery. Pursuant to a plea bargain, an amended information was filed in August of 1973 charging him with exhibiting a deadly weapon other than in self-defense, a violation of A.R.S. § 13–916. On the same day, before the Honorable Jack G. Marks, appellant entered a plea of guilty to the amended information.

In September appellant appeared before Judge Marks for sentencing. Judge Marks had before him a presentence report prepared by the Adult Probation Office. This appeal revolves around the trial court's reliance upon information within the report.

The presentence report set forth the circumstances out of which the charges

against appellant arose. The details were taken from police reports. Within that section was reference to an alleged rape at the scene of the crime. The report also contained a statement that appellant had been involved in several violent offenses of assault and rape, but the charges were dropped because the victims had withdrawn their complaints.

The "Previous Record" section set forth a chronology of appellant's police contacts based upon police reports. Included therein were six traffic violations, two instances of giving false information to police officers, one commitment to Fort Grant as a juvenile, and a description of some 13 incidents in which either no charges were filed or the complaints had been withdrawn.

Judge Marks also had information showing that at the time of this offense appellant was on probation in California for a misdemeanor and a felony. At sentencing appellant had also been charged with unlawful possession of marijuana for sale, unlawful furnishing of marijuana and obstructing justice. He had been arrested for these crimes while on bail in the instant case.

At sentencing defense counsel objected to the judge considering the statements regarding rape and the incidents which were not supported by a conviction. Judge Marks stated that he would not consider those portions of the report, but he was going to send appellant to prison. Appellant then withdrew his plea and the original information was reinstated.

Thereafter, in October of 1973, appellant appeared before the Honorable Joe Jacobson to change his plea. At that time he again entered a plea of guilty to the amended information. His plea was accepted and sentencing was set for October 30, 1973.

At sentencing, Judge Jacobson had before him the above-described presentence report. Upon inquiry by the judge, appellant informed him that he had entered a plea of guilty to the sale of marijuana charge that was pending and that sentencing was set for early November. At no time did appellant move for a mitigation hearing pursuant to Rule 336, Rules of Criminal Procedure, 17 A.R.S.[1]

After defense counsel argued in mitigation, appellant was sentenced to not less than four nor more than five years in the Arizona State Prison.

Appellant contends that his sentence should be vacated and the case remanded for resentencing. He maintains that the trial court's consideration of prior police contacts wherein no criminal conduct was formally charged or proven constitutes a violation of due process of the law.

■ A.R.S. § 13–1642 places upon the trial court the duty to determine and impose the punishment prescribed for each crime. In the absence of an abuse of discretion, this court will not interfere with the trial court's sentence if it is within the statutory limitations. The sentence given appellant is within the statutory limits as prescribed by A.R.S. § 13–916.

■ Where, as here, the trial judge has discretion as to the limits of the sentence, he should consider not only the circumstances of the offense but also the moral character and past conduct of the defendant so that he may set the punishment in accordance with the general character of both the offense and of the party convicted. State v. Smith, 107 Ariz. 218, 484 P.2d 1049 (1971). To assist the trial judge in the sentencing function, the legislature has provided an adult probation officer whose duties include making presentence reports for the sentencing process. See, A.R.S. § 12–253. The function of the presentencing report is to furnish facts to the trial judge to enable him to make an intelligent decision as to the proper sentence. State v. Scanlon, 104 Ariz. 187, 450 P.2d 377 (1969).

In Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed.

---

1. This case is decided on the law as it existed prior to September 1, 1973.

1337 (1949), the United States Supreme Court held that a trial judge may consider out-of-court information not admissible at trial in imposing sentence. The Court, in considering Williams v. New York, supra, stated in Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959):

"This Court there dealt with very similar contentions and held that, once the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics." 79 S.Ct. at 426.

Just this month, our Supreme Court in State v. Benge, 110 Ariz. 473, 520 P.2d 843 (filed April 4, 1974), held that it was not error for a trial court to consider illegally seized evidence at a hearing in aggravation. The court relied on Williams v. New York, supra, and Williams v. Oklahoma, supra.

Although the Ninth Circuit Court of Appeals in United States v. Weston, 448 F.2d 626 (9th Cir. 1971), vacated a sentence and remanded for resentencing because the judge had relied on unreliable hearsay, the court recognized the importance of considering information not admissible at trial. The court stated:

"A number of courts, including this court, have frequently cited *Williams* 'for the general proposition that evidence of other criminal conduct not resulting in a conviction may be considered in imposing sentence. We have done so a number of times. . . . We would not re-

pudiate this rule if we could. We do not desire to transform the sentencing process into a second trial, and we believe that other criminal conduct may properly be considered, even though the defendant was never charged with it or convicted of it. Its relevance to the problem before the judge, 'what sort of person is this defendant, and what sort of sentence should she receive?' is apparent." 448 F.2d at 633.

■ In the instant case the presentence report described the circumstances of the offense of which appellant was convicted. It also contained a list of criminal acts which were never charged or as to which the charges were withdrawn. All this information was taken from police reports. We find nothing improper in allowing the judge to consider this information.

■■ It is, of course, desirable that a presentence report be free from bias, sarcasm and innuendo. State v. Scanlon, supra. While the subject report is not completely free from bias and innuendo,[2] we find nothing requiring reversal of the sentence. The weight to be given the report is for the trial judge and we need not assume he was adversely influenced by any statement which might have been improper. Nor do we find the cases relied upon by appellant apposite. *See,* Townsend v Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L. Ed. 1690 (1948); United States v. Espinoza, 481 F.2d 553 (5th Cir. 1973); and United States v. Weston, supra.

Our review of the presentence report indicates nothing which would constitute a denial of due process. There was ample evidence before the court to impose a sentence within the statutory limits.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

2. In the "Previous Record" section there was the following statement:
"As an adult he has had numerous police contacts, several involved violent offenses of assaults and rape *which he obviously committed* but which were dropped because the victims withdrew their complaints." (Emphasis added)