793 P.2d 80

**STATE of Arizona, Appellee,**

v.

**Scott Allen WATTON, Appellant.**

**No. CR–89–0255–PR.**

Supreme Court of Arizona,
En Banc.

June 7, 1990.

Robert K. Corbin, Atty. Gen. and Alan Polley, Cochise County Atty., Bisbee, for appellee.

Robert F. Arentz, Cochise County Public Defender and Joseph P. DiRoberto, Cochise County Deputy Public Defender, Bisbee, for appellant.

GORDON, Chief Justice.

Scott Allen Watton (defendant) petitioned for review of a court of appeals order reversing the superior court's dismissal of his petition for post-conviction relief and remanding for an evidentiary hearing. The State did not file a response. We granted review pursuant to Rule 32.9(f), Ariz.R. Crim.P., 17 A.R.S. We have jurisdiction under Ariz. Const. art. 6, § 5(3).

## FACTS AND PROCEDURAL HISTORY

Defendant was indicted on charges of kidnapping, in violation of A.R.S. § 13–1304, and aggravated assault with a dangerous weapon, in violation of A.R.S. §§ 13–1204(A) and 13–604(G). Defendant and the State entered into a plea agreement under which defendant pleaded guilty to the aggravated assault charge, a class 3 felony, and in exchange the kidnapping charge, a class 2 felony, was dismissed. The agreement set out the sentencing range and required defendant to serve at least two-thirds of any sentence imposed before being eligible for release.

The plea agreement also contained the following provision:

> Both State and Defendant agree to submit the matter of sentencing on the basis of the presentence report. Neither the prosecutor nor the defense counsel will contact the Adult Probation Officer who is writing the presentence report.

At the change of plea hearing, defense counsel advised the court of this provision, stating:

> [T]here's an additional provision in the plea agreement whereby the prosecutor and I have agreed to submit the matter of sentencing on the record on the basis of the pre-sentence report. As I understand that, I am not to make any argument to the court at the time of sentencing.
>
> I have discussed that provision with Mr. Watton, and I understand that he agrees with that provision as well.

Defendant also informed the court that he agreed to the provision. The trial court found that defendant voluntarily entered the plea agreement and that a factual basis existed for the plea. The court then set the matter for sentencing and ordered preparation of a presentence report.

At sentencing, neither the prosecutor nor defense counsel argued their respective positions about defendant's sentencing; neither did they discuss the presentence report.[1] The court found that aggravating

---

1. At sentencing, both counsel again indicated that they understood they could not address the court, and that the matter was to be submitted only on the basis of the presentence report. When defendant's sister stated she wanted to address the court on defendant's behalf, the

factors outweighed any mitigating factors and sentenced defendant to the maximum term of 15 years. Defendant did not appeal.

Defendant filed a petition for post-conviction relief and counsel was appointed to represent him. Defendant alleged that the presentence report contained inaccurate statements and ignored other information relevant to sentencing. He contended that the challenged provision threatened the foundation of our judicial system by leading to a sentence based on incomplete and inaccurate information. Defendant argued that both counsel interpreted the agreement to prohibit them from addressing the court at sentencing, which prevented them from correcting inaccuracies in the presentence report and led the court to impose sentence without having all relevant information before it.

The trial court subsequently dismissed the petition without an evidentiary hearing and denied defendant's motion for rehearing. Defendant then sought review in the court of appeals, raising the same arguments. The court of appeals granted review and ordered:

> [Defendant] raised a colorable claim as to whether the provision of the plea agreement pertaining to sentencing was construed by the court and counsel to prohibit counsel not only from arguing their respective positions with respect to sentencing, which is permissible, but also to preclude petitioner's counsel from raising and correcting any factual inaccuracies in the presentence report, which would violate petitioner's right to due process and to the effective assistance of counsel.

The court of appeals vacated the trial court's order and remanded for an evidentiary hearing to determine whether the plea agreement was construed as precluding defense counsel from raising and correcting

inaccuracies and whether the report contained any errors. The court ordered defendant resentenced if the trial court found that the provision had been so construed and factual errors existed. Otherwise, the court held, defendant was not entitled to any relief.

On review in this court, defendant challenges the court of appeals order. He submits that the entire plea agreement should be set aside and that he should be granted a new trial. In the alternative, defendant claims he is entitled to be resentenced without an evidentiary hearing.

## DISCUSSION

Defendant asks that we determine whether counsels' interpretation of the stipulation in the plea agreement: (1) rendered his plea involuntary; (2) violated the due process clauses of the state and federal constitutions; (3) deprived him of effective assistance of counsel; or (4) contravened public policy. Defendant also asks us to determine the appropriate relief if a violation is found.

### *Voluntariness of the Plea Agreement*

[1] We note at the outset that a grant or denial of post-conviction relief is within the trial court's discretion. We will not reverse the trial court's decision unless an abuse of discretion affirmatively appears. *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986); *State v. Adamson,* 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983), *cert. denied,* 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983).

Defendant argues that he did not knowingly, intelligently, and voluntarily enter the guilty plea because: (1) he could not, and did not, foresee that the presentence report would be prepared in a biased and prejudicial manner; (2) he could not foresee that the provision would be interpreted to

prosecutor stated: "Your honor, that presents a problem to the State. According to the terms of the plea agreement, we were going to submit this matter on the basis of the presentence report."

Later during the hearing, the following exchange took place:

The Court: ... [Y]ou're going to submit the matter based on the presentence report, other than having the sister address the Court?

[Defense counsel]: Your honor, I don't have any choice in the matter....

Defendant's sister then made a brief statement to the court on defendant's behalf.

prevent counsel from challenging any inaccuracies in the report, presenting mitigating evidence, or contacting the probation officer preparing the report; and (3) counsels' interpretation of the provision effectively led to defendant being deprived of his right to a presentence hearing. Accordingly, defendant claims, he should be allowed to withdraw from the plea agreement, and he should be granted a new trial.

Public policy supports the use of plea agreements in the criminal process. Properly negotiated plea agreements, when used correctly, enhance judicial economy, protect the State's resources, and promote justice for defendants, victims, and the State. *State v. Draper*, 162 Ariz. 433, 439–40, 784 P.2d 259, 265–66 (1989) (quoting *State v. Superior Court*, 125 Ariz. 575, 577, 611 P.2d 928, 930 (1980)). Under Rule 17.4(a) of the Arizona Rules of Criminal Procedure, 17 A.R.S., parties may negotiate and reach an agreement on any aspect of the disposition of a case, including an agreement not to make sentencing recommendations. *State v. Solano*, 150 Ariz. 398, 401, 724 P.2d 17, 20 (1986).

A plea must be made voluntarily, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). The court will accept a plea of guilty only if it is voluntarily and intelligently made. Rule 17.1(b), Ariz.R.Crim.P., 17 A.R.S. A defendant must thoroughly understand the plea's potential ramifications and be apprised of both the sentencing range and the rights forfeited. Rule 17.2, Ariz.R.Crim.P., 17 A.R.S.; *State v. Cutler*, 121 Ariz. 328, 329, 590 P.2d 444, 445 (1979). Moreover, the plea must not be induced by any force, threats, or promises outside the plea agreement that change the voluntary nature of the plea. *State v. Linsner*, 105 Ariz. 488, 491, 467 P.2d 238, 241 (1970).

The fact that a sentencing judge may be presented with ambiguous, unreliable, or inaccurate information at sentencing is not necessarily grounds for finding that a defendant did not enter the plea agreement voluntarily. In this case, any misinformation would affect only the term of the sentence; defendant knew he faced a possible aggravated term of 15 years by entering into the plea agreement. *See State v. Phillips*, 108 Ariz. 332, 333–34, 498 P.2d 199, 200–01 (1972) (defendant claiming he was led to believe he would receive shorter sentence than sentence imposed was not entitled to change the plea just because he decided he made a bad bargain). A defendant who has received the full benefit of a plea bargain cannot be allowed to withdraw the plea merely because of disagreement with the sentence. *State v. Crowder*, 155 Ariz. 477, 481, 747 P.2d 1176, 1180 (1987) ("Where the missing information does not go to defendant's essential objective in making the agreement, where it involves secondary or minor terms collateral to the decision to plead, and where it is not 'of the essence' of the agreement, it is in the public interest that the agreement be enforced.").

From the record, we can discern that the trial court did not abuse its discretion in denying defendant's request that the plea agreement be vacated, as there was sufficient evidence that defendant entered the plea voluntarily and intelligently. Defendant was represented by counsel at the change of plea hearing, and the court detailed the punishment to which defendant could be subjected for the crime of aggravated assault with a deadly weapon.[2] Before accepting defendant's guilty plea, the judge also explained the rights defendant waived by entering the plea agreement. Defendant stated that he understood and accepted the terms of the plea agreement, including the provision challenged here.

---

**2.** The trial court told defendant that the presumptive sentence was 7.5 years, but that defendant could be subjected to an aggravated sentence of fifteen years or a reduced sentence of five years. The court also explained to defendant that, due to the dangerous nature of the offense, he could not receive probation and that, pursuant to the plea agreement, he would "not be eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement" until he served at least two-thirds of the sentence imposed.

Defendant knew of and understood the essential terms of the plea agreement, including the fact that he could be sentenced to an aggravated term of 15 years. Defendant also knew that, without the plea agreement, he faced conviction on kidnapping in addition to aggravated assault and that the court could impose consecutive sentences. Defendant does not claim the plea was induced by any threats or force. Defendant received the benefit of his plea bargain, which he entered voluntarily, and the alleged problem with the plea provision did not affect the decision-making process with respect to his guilty plea. The trial court therefore acted within its discretion in refusing to vacate the plea agreement.

### Validity of the Sentence

■ Although we find that defendant voluntarily entered the plea agreement, and therefore is not entitled to vacate the agreement and demand a new trial, we must address whether the challenged provision or its interpretation affected the validity of defendant's sentence. The question presented here is whether a plea agreement provision can be interpreted to deny defendant the opportunity to correct errors or to supplement the presentence report once the parties agree the judge will exercise discretion at sentencing. We believe the answer is no.

■ Although public policy favors the use of plea agreements, it also mandates a fair sentencing process. Arizona courts have long held that a court must tailor the sentence based on complete and accurate information. *State v. Clabourne*, 142 Ariz. 335, 346, 690 P.2d 54, 65 (1984); *State v. Fenton*, 86 Ariz. 111, 119, 341 P.2d 237, 242 (1959), *cert. denied*, 361 U.S. 877, 80 S.Ct. 142, 4 L.Ed.2d 115 (1959); *State v. Gayman*, 127 Ariz. 600, 602, 623 P.2d 30, 32 (App.1981); *see also State v. Grier*, 146 Ariz. 511, 515, 707 P.2d 309, 313 (1985). The primary source of information at sentencing usually is the presentence report, which contains a broad range of information about a defendant and serves a key function in the sentencing process. *See* A.R.S. § 12–253(4). The court must, with limited exceptions, require a presentence report in all cases in which it has discretion over the penalty imposed. Rule 26.4(a), Ariz.R.Crim.P., 17 A.R.S.

■ Presentence reports must contain complete and accurate information, especially where a presentence hearing does not take place. *State v. Dixon*, 21 Ariz.App. 517, 519, 521 P.2d 148, 150 (1974); Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1615, 1629 (1980). The reliance on presentence reports, however, leads to the possibility that misleading, inaccurate or incomplete information may be provided to the sentencing court. Fennell & Hall, *supra*, 93 Harv.L.Rev. at 1629. The potential for misleading the court becomes even more problematic after a guilty plea because, in such cases, "the probation officer engages in a new investigation of the offense without the use of traditional adversarial and evidentiary safeguards for ensuring fairness and accuracy." *Id.*

■ The goal of providing the court with complete and accurate information at sentencing does not mean that a defendant is entitled to a presentence report of his own liking. The mere fact that a presentence report contains information adverse to defendant does not render the report biased or inaccurate. *State v. Stanhope*, 139 Ariz. 88, 94, 676 P.2d 1146, 1152 (App. 1984). As noted by our courts of appeals, the sentencing judge has discretion to decide the weight given the presentence report and we will assume the judge was not influenced adversely by any improper statements in the report if brought to the court's attention. *State v. Warren*, 124 Ariz. 396, 405, 604 P.2d 660, 669 (App.1979) (quoting *Dixon*, 21 Ariz.App. at 519, 521 P.2d at 150).

■ Generally, a defendant has a duty to demonstrate to the sentencing judge that certain information is unreliable or inaccurate. If a defendant has the opportunity to challenge the report, this court will presume that the lower court recog-

nized any error or misleading information and gave the information appropriate consideration. *Id.* A defendant denied the opportunity to challenge the accuracy of the report, however, has been denied a fair sentencing.

The sentencing process is designed to assist the court in intelligently exercising its discretion based on complete and accurate information. Anything that inhibits a court's or a probation officer's access to information undermines the truth-seeking function of the judicial process and threatens the adversary system. A judge cannot fashion an appropriate sentence for a particular defendant if relevant information, whether in aggravation or mitigation, is withheld. Anything that prevents a probation officer or a sentencing judge from obtaining relevant and accurate information therefore hampers the proper exercise of the court's discretion. *State v. Thurston,* 781 P.2d 1296, 1300 (Utah App.1989); *see also State v. Prentiss,* 163 Ariz. 81, 86, 786 P.2d 932, 937 (1989) ("Any rule which inhibits a lawyer at sentencing from revealing, recommending, alleging or discussing mitigating circumstances with that judge fosters injustice.")

The court of appeals has stated:

[W]e look with great concern upon any plea agreement which would prevent the court from obtaining complete sentencing information. One of the most important elements of the criminal justice system is just and informed sentencing by a trial court furnished with all relevant sentencing data. In our opinion, a plea agreement which prevents this is detrimental to society and a fraud on the court. Public policy may require us to take a closer look at such agreements in the future.

*State v. Kelly,* 126 Ariz. 193, 196, 613 P.2d 857, 860 (App.1980). We agree with the court of appeals because we believe public policy forbids counsel from bargaining away defendant's opportunity to correct inaccuracies in a presentence report and to verify that the court has complete and accurate information at sentencing.

We believe counsels' interpretation of the plea agreement provision may have denied defendant the opportunity to correct inaccuracies or to supplement the presentence report with additional mitigating evidence. Defendant therefore raised a colorable claim, and we must determine the appropriate remedy and disposition.

## REMEDY

Rule 32 post-conviction relief allows a defendant to raise issues unknown or unavailable at trial. One of the purposes of a Rule 32 proceeding "is to furnish an evidentiary forum for the establishment of facts underlying a claim for relief, when such facts have not previously been established of record." *State v. Scrivner,* 132 Ariz. 52, 54, 643 P.2d 1022, 1024 (App. 1982); *see also State v. Cabrera,* 114 Ariz. 233, 236, 560 P.2d 417, 420 (1977); *State v. Bell,* 23 Ariz.App. 169, 171, 531 P.2d 545, 547 (1975). The goal of post-conviction relief is the elimination of confusion and avoidance of repetitious applications for relief while protecting a defendant's rights. Post-conviction relief provides a simple and efficient means of inquiry into a defendant's claim that the conviction or sentence was obtained in disregard of fundamental fairness, which is essential to our concept of justice. 24 C.J.S. *Criminal Law* § 1612 (1989).

A defendant is entitled to an evidentiary hearing when he presents a colorable claim, that is a claim which, if defendant's allegations are true, might have changed the outcome. *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). When doubts exist, "a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review." *Id.*

Here, defendant raised a colorable claim that counsels' interpretation of the plea agreement potentially denied him the *opportunity* to address the court at sentencing to correct inaccurate or supplement incomplete information contained in the presentence report. Thus, the trial court abused its discretion in denying defendant an evidentiary hearing. On remand, the trial court must grant such an evidentiary

hearing to determine whether information relevant to defendant's sentence was withheld or whether the trial court relied on inaccurate information in determining defendant's sentence. If so, defendant's sentence is invalid and defendant is entitled to resentencing. If it appears that a new presentence report is appropriate, the court shall order its preparation.

## CONCLUSION AND DISPOSITION

As a matter of public policy, we will examine closely any provision or interpretation of a plea agreement that could limit the court's access to complete and accurate information at sentencing.[3] Counsels' apparent belief that they could not address the court at sentencing may have denied defendant the opportunity to correct inaccuracies in the presentence report and to supplement the record. If defendant was denied that opportunity, he was denied a fair sentencing proceeding and is entitled to resentencing. Defendant therefore raised a colorable claim in his petition for post-conviction relief and the trial court abused its discretion in denying defendant an evidentiary hearing.

However, the trial court did not abuse its discretion in finding that defendant entered the plea agreement voluntarily, knowingly, and intelligently. Moreover, defendant has received the benefit of his plea bargain. For these reasons, the plea agreement will stand.

The court of appeals' order is approved as modified. The matter is remanded to the trial court for further proceedings consistent with this opinion.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

---

**3.** We do not here invite a wholesale assault on plea agreements or sentencing procedures. Defense counsel must be selective in presenting claims to the courts that a defendant was denied the opportunity to address the court. The competing public policy considerations favoring the use of plea agreements, and our general assumption that courts act within their discretion,

militate against setting aside a sentence for a mere unsubstantiated claim that the court did not have full information at sentencing.