103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karla Kay BROWN, Petitioner-Appellant,
v.
Terry L. STEWART; Arizona, Attorney General, Respondents-Appellees.
 No. 96-15395.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 19, 1996.
 
 Before: RONEY,** BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Arizona state prisoner Karla Kay Brown appeals the district court's denial of her 28 U.S.C. § 2254 habeas corpus petition challenging her sentence imposed following her guilty plea for attempted sexual conduct with a minor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994).
 
 
 4
 A habeas petitioner's failure to exhaust state remedies results in procedural default precluding federal judicial review absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 732 (1991). Brown raised the judicial bias issue in her petition for review before the Arizona Supreme Court, but that court was precluded from reviewing the issue because Brown failed to raise the claim in her appeal to the Arizona Court of Appeals. Nowhere in her Court of Appeals brief does Brown use the term "judicial bias," nor does she contend Judge Carruth was prejudiced against her. A state prisoner must do more than merely present facts that would support a particular claim to the state court. See Anderson v. Harless, 459 U.S. 4, 6 (1982). Thus, Brown has procedurally defaulted on her bias claim.
 
 
 5
 As a result of this default, habeas review is available only through a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 732 (1991). Because Brown has not made such a showing, dismissal of her judicial bias claim is proper.[1]
 
 
 6
 Next, Brown contends that her sentencing procedure violated due process because the sentencing judge relied on false or unreliable information in the Pre-Sentence Report (PSR). In a habeas proceeding, a finding of judicial bias must not be made "unless it affirmatively appears in the record that the court based its sentence on improper information." Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). Even if the PSR contained false information, the false information was brought to the court's attention. Under Arizona law, it is presumed that a judge is not adversely influenced by inaccurate information contained in a PSR so long as the discrepancies are brought to the sentencing judge's attention. State v. Watton, 164 Ariz. 323, 327-28 (1990). Moreover, Judge Carruth made it clear what he was basing his sentencing decision on:
 
 
 7
 It's clear that at least one incident of oral sexual contact between the mother and her own child took place and that's the charge she is convicted of by her own plea, and it's time to affix the consequences to that behavior.
 
 
 8
 (August 10, 1992 Sentencing Hearing at 55-56). Thus, the district court properly dismissed Brown's due process claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if this court were to reach the merits of the judicial bias claim, we would agree with the district court that the record is wholly devoid of any evidence that reasonably supports a claim of judicial bias. Impermissible bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings. In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir.1984). Brown has not shown any bias, let alone bias from an extrajudicial source