NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

JEREMY LYNN NELSON, *Petitioner.*

No. 1 CA-CR 13-0008 PRPC
FILED 04/24/2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2010-165553-001
The Honorable Robert L. Gottsfield, Judge, Retired

**REVIEW GRANTED; REMANDED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jeremy Lynn Nelson, Tucson
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Patricia K. Norris joined and Judge Maurice Portley specially concurred.

---

**K E S S L E R,** Presiding Judge:

¶1 Jeremy Lynn Nelson petitions this Court for review of the summary dismissal of his petition for post-conviction relief. Nelson claimed ineffective assistance of counsel ("IAC") because his counsel allegedly failed to investigate, pursue, or advise him of a possible motion to suppress evidence prior to his pleading guilty. We conclude the superior court erred in determining that, at the time Nelson pled guilty, a motion to suppress evidence based on an allegedly illegal, trespassory placement of a GPS device was barred as a matter of law. Accordingly, we grant review and remand for an evidentiary hearing on Nelson's IAC claim.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Nelson pled guilty to attempted fraudulent schemes and artifices, forgery, misconduct involving weapons, and possession of dangerous drugs. The superior court sentenced him to an aggregate term of thirteen years' imprisonment for attempted fraud, forgery, and drug possession, and placed him on a consecutive term of four years' probation for misconduct involving weapons.

¶3 Nelson petitioned for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.1(a), arguing that his trial counsel was ineffective by failing to investigate, pursue, or advise him about the prospects of a motion to suppress evidence obtained through warrantless GPS tracking. His claims are based on *United States v. Jones*, 132 S.Ct. 945 (2012), for which certiorari had been granted and which was pending review when Nelson pled guilty. In *Jones*, the Supreme Court held that the government's non-consensual and warrantless installation of a GPS device on a suspect's vehicle for the purpose of monitoring the vehicle's movements constitutes a search that ordinarily requires a warrant. 132 S.Ct. at 949. In response to Nelson's petition, the State argued that at the time Nelson pled guilty, warrantless GPS tracking did not implicate the

Fourth Amendment as a matter of law, that trial counsel is not expected to anticipate future changes in the law, and therefore it was not unreasonable for trial counsel to not have investigated or advised Nelson about the issue.

¶4         After additional briefing, as discussed below, the superior court summarily dismissed Nelson's petition, noting that the parties had advised the court that no evidentiary hearing was needed "as basically a question of law is presented."  The court concluded that "no colorable claim [was] presented by trial counsel failing to anticipate what would have been a major change in the law," and that "[i]t was not unreasonable for defense counsel to assume, if the issue came to mind at all, that existing circuit court authority was overwhelmingly contrary to the view that the placement of a GPS device constituted a search."

¶5         Nelson now seeks review of the summary dismissal and asks us to remand the matter for an evidentiary hearing.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**STANDARD OF REVIEW**

¶6         We review an order summarily dismissing a petition for post-conviction relief for an abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).  "A trial court abuses its discretion if it misapplies the law or exercises its discretion based on incorrect legal principles," *State v. Slover*, 220 Ariz. 239, 242, ¶ 4, 204 P.3d 1088, 1091 (App. 2009), or if it "predicates its decision upon irrational bases," *State v. Fields*, 196 Ariz. 580, 582, ¶ 4, 2 P.3d 670, 672 (App. 1999) (citation omitted).

**DISCUSSION**

¶7         As a preliminary matter, based upon the facts in this case, Nelson is not precluded from arguing for a remand to hold an evidentiary hearing even though the parties had advised the superior court that such a hearing was not needed.  After receiving the State's response and Nelson's reply to the petition, the superior court requested supplemental briefing on the law governing warrantless GPS surveillance at the time Nelson pled guilty.  The supplemental briefs, therefore, addressed only an issue of law.  After submitting the supplemental briefs, the parties advised the superior court that no evidentiary hearing was needed because the question before the court was whether then-existing law would have

made such a suppression motion futile.[1]   In context, then, we understand the parties' advisement as merely recognizing that trial counsel would have had no reason to advise Nelson about the suppression issue if then-binding law foreclosed it.   If the superior court had concluded legal support existed for such a motion, an evidentiary hearing would then be needed to uncover the facts necessary to making an ultimate determination on Nelson's IAC claim.[2]   Accordingly, we reach the merits of Nelson's petition for review.

I.      Standard for Obtaining an Evidentiary Hearing

¶8          "A trial court may summarily dismiss a [petition for post-conviction relief] only if it finds no 'material issue of fact or law exists which would entitle the defendant to relief.'"   *State v. Bowers*, 192 Ariz. 419, 422, ¶ 10, 966 P.2d 1023, 1026 (App. 1998) (citation omitted); *see also* Ariz. R. Crim. P. 32.6(c).  A defendant is entitled to an evidentiary hearing, however, if the petition presents a colorable claim—"that is a claim which, if defendant's allegations are true, might have changed the outcome." *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990); *see also* Ariz. R. Crim. P. 32.6(c) and 32.8(a).  "[W]hen doubt exists, a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review."  *Bowers*, 192 Ariz. at 422, ¶ 10, 966 P.2d at 1026 (quoting *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988) (internal quotation marks omitted)).

---

[1] The court's minute entry also indicates that the parties said there was no issue surrounding whether trial counsel advised Nelson of the prospects of such a motion.  We understand this to mean only that the truth of Nelson's factual allegations was not the determinative issue for purposes of summary dismissal because, at this stage in the proceedings, the court takes Nelson's factual allegations as true.  *See State v. McCall*, 160 Ariz. 119, 129, 770 P.2d 1165, 1175 (1989).

[2] For example, the court might need to determine:  (1) whether the *facts* surrounding the GPS tracking in this case would have supported such a motion; (2) what consideration, if any, Nelson's trial counsel gave to the issue; (3) the nature and extent of the evidence allegedly acquired through the warrantless GPS surveillance and to which counts that evidence related; (4) whether counsel advised Nelson of the possibility of a suppression motion and the risks of doing so in light of the plea; and, if not, (6) whether Nelson would, in fact, have rejected the plea had he been advised about the merits, odds of success, and risks of pursuing such a motion.

¶9 To state a colorable IAC claim, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16, 10 P.3d 1193, 1200 (App. 2000). To show prejudice, a defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, a defendant can establish prejudice by showing that, absent counsel's erroneous advice, he would not have waived his right to trial by entering a plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

II.     The Basis for the Superior Court's Summary Dismissal

¶10 The superior court found that Nelson pled "the necessary condition that he would have rejected the plea and requested a suppression hearing had he known there was a viable issue on the constitutionality of placing a warrantless GPS device on [h]is vehicle . . . ." In other words, the superior court determined that Nelson pled sufficient facts to avoid summary dismissal based on the prejudice prong of the *Strickland* test. The superior court is in the best position to determine whether Nelson's allegations would have changed his decision to accept the plea. *See State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983) ("The trial judge was in a much better position than we are to determine the weight to be given the defendant's claims in his petition and whether or not the allegations taken as true would change the verdict."). Given that holding, we limit our review to the court's conclusion that Nelson's petition failed to state a sufficient legal basis for counsel's allegedly deficient performance (i.e., counsel's alleged failure to investigate or advise him of a motion to suppress based on the GPS tracking).

¶11 Generally, absent a compelling tactical reason, counsel renders deficient performance by failing to move "to suppress evidence obtained through a questionably legal search." *State v. Fillmore*, 187 Ariz. 174, 181, 927 P.2d 1303, 1310 (App. 1996). We understand the court's reasoning to be that as a matter of law any motion to challenge the legality of warrantless GPS tracking would have been frivolous. But, under then-existing law such a motion would not have been frivolous.

III.    Then-Existing Law Did Not Preclude a Motion to Suppress
        Evidence Obtained Through Warrantless GPS Surveillance

¶12        "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Failure to predict future changes in the law is not ineffective assistance because "[c]lairvoyance is not a required attribute of effective representation." *State v. Febles*, 210 Ariz. 589, 597, ¶ 24, 115 P.3d 629, 637 (App. 2005) (citation omitted). Accordingly, in evaluating whether trial counsel's actions—or lack thereof—presented a colorable IAC claim, we limit ourselves to the legal landscape as it existed when Nelson pled guilty.

¶13        As we have recently explained in *State v. Mitchell*, 1 CA-CR 13-0339, slip op. at *14, ¶ 31 (Ariz. App. Apr. 21, 2014), an opinion issued after the superior court denied Nelson's petition, the law governing GPS surveillance around the time Nelson pled guilty was unsettled. No binding Arizona authority addressed GPS surveillance or otherwise authorized law enforcement to attach a GPS device to private property, without a warrant or permission from the property owner, and use the device to track and aggregate data on a person's movements. Nor did any United States Supreme Court decision directly address GPS tracking, including *United States v. Knotts*, 460 U.S. 276 (1983), a case the State relied on in the superior court and here to argue to the contrary.

¶14        As we explained in *Mitchell*, *Knotts* did not address GPS surveillance, nor did it address a situation in which law enforcement attached a tracking device to private property without permission from the property owner. *Mitchell*, 1 CA-CR 13-0339, slip op. at *14-15, ¶ 31. Further, *Knotts* left open the question of whether more dragnet surveillance techniques would implicate the Fourth Amendment. 460 U.S. at 284. Thus, *Knotts* did not preclude as a matter of law a meritorious motion to suppress evidence obtained through warrantless GPS tracking. *See State v. Allen*, No. 2011-L-157, 2013 WL 501744, at *4, ¶ 22 (Ohio Ct. App. Feb. 8, 2013) (reaching similar conclusion, noting that before *Jones* no Ohio Supreme Court or United States Supreme Court authority expressly addressed GPS tracking, and finding that counsel rendered ineffective assistance by not moving to suppress evidence obtained through GPS surveillance).

**¶15**       The legal landscape at the time of Nelson's plea shows that courts were divided on the legality of GPS surveillance.   Although the predominate view among federal circuit courts was that GPS surveillance did not implicate the Fourth Amendment, *see United States v. Hernandez*, 647 F.3d 216 (5th Cir. 2011); *United States v. Cuevas-Perez*, 640 F.3d 272 (7th Cir. 2011), *vacated in light of Jones*, 132 S.Ct. 1534 (2012); *United States v. Pineda-Moreno*, 591 F.3d 1212 (9th Cir. 2010), *vacated in light of Jones*, 132 S.Ct. 1533 (2012); *United States v. Marquez*, 605 F.3d 604 (8th Cir. 2010); *United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007), this view was not unanimous.  In *United States v. Maynard*, 615 F.3d 544, 563, 568 (D.C. Cir. 2010)—the case that ultimately became *Jones*—the Federal Circuit Court for the District of Columbia concluded that the warrantless placement and use of a GPS device to monitor a suspect's vehicle without permission of the owner violated the Fourth Amendment under the reasonable-expectation-of-privacy test announced in *Katz v. United States*, 389 U.S. 347, 360-61 (1967) (Harlan, J., concurring).  Furthermore, several state courts had concluded that GPS tracking violated state constitutional privacy protections.  *See State v. Holden*, 54 A.3d 1123 (Del. Super. Ct. 2010); *Commonwealth v. Connolly*, 913 N.E.2d 356 (Mass. 2009); *People v. Weaver*, 909 N.E.2d 1195 (N.Y. 2009); *State v. Jackson*, 76 P.3d 217 (Wash. 2003).   As a result, there was authority to support a motion to suppress evidence obtained through warrantless GPS surveillance.  *See Allen*, No. 2011-L-157, 2013 WL 501744, at *4, ¶ 21 ("Taken as a whole, of the various appellate courts that considered the 'GPS' issue . . . a majority held that it was unnecessary for the police officers to obtain a search warrant . . . because use of a tracking device does not constitute a search.  However, the issue had not been the subject of extensive litigation, especially in the state of Ohio.  Furthermore, there was authority favorable to appellant on the issue.").[3]

**¶16**       Accordingly, whether Nelson's trial counsel should have investigated or advised Nelson of a possible motion to suppress presents a colorable IAC claim.  In so holding, we do not suggest that counsel is expected as a matter of law to anticipate future changes in the law or to be

---

[3] Moreover, the weight of circuit court authority did not preclude a challenge to GPS surveillance in Arizona because federal circuit court decisions, although persuasive, are not binding on Arizona courts.  *See Planning Grp. of Scottsdale v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 267, ¶ 22, 246 P.3d 343, 348 (2011); *State v. Montano*, 206 Ariz. 296, 297 n.1, ¶ 1, 77 P.3d 1246, 1247 n.1 (2003).

cognizant of every case pending review.[4]   Rather, then-existing law was unsettled and, therefore, the issue of warrantless GPS surveillance was open to non-frivolous challenges.

IV.     Nelson is Entitled to an Evidentiary Hearing

¶17        That Nelson was offered a plea in this case might suggest that strategic reasons existed for not pursuing such a motion. "[D]isagreements in trial strategy will not support a claim of [IAC], provided the challenged conduct has some reasoned basis." *State v. Nirschel*, 155 Ariz. 206, 208, 745 P.2d 953, 955 (1987).  There is generally a "'strong presumption' . . . that counsel's actions were choices made for strategic or tactical reasons." *State v. Santanna*, 153 Ariz. 147, 150, 735 P.2d 757, 760 (1987).  It does not appear from this limited record, however, that the superior court based its summary dismissal on a determination that trial counsel's performance was justified by a strategic decision.

¶18        At this stage of the proceedings, we must assume that the facts alleged in Nelson's petition are true.  *State v. McCall*, 160 Ariz. 119, 129, 770 P.2d 1165, 1175 (1989) ("A colorable claim exists when the facts alleged by the defendant in support of his claim, *if taken as true*, would entitle the defendant to relief." (emphasis added)).    Given this presumption, an evidentiary hearing should have been conducted to permit Nelson to present his facts and to hear from trial counsel in resolving the petition.

**CONCLUSION**

¶19        The superior court found Nelson pled sufficient facts to avoid summary dismissal based on lack of prejudice, but erroneously determined that his petition failed as a matter of law because then-existing law precluded *any* motion to suppress evidence obtained through GPS surveillance.  Accordingly, for the foregoing reasons we remand for an evidentiary hearing.  We emphasize, however, that at this stage we do not and cannot conclude that counsel rendered ineffective assistance.  We

---

[4] Knowledge of cases pending before an appellate court that would control an issue facing a client can be one factor to consider in IAC claims, but any duty to be aware of those cases would be fact-specific. Given the lack of any evidentiary hearing in this case to develop the facts underlying the GPS surveillance and the reasons no suppression motion was pursued precludes any conclusion on counsel's effectiveness for the IAC claim.

merely conclude that Nelson submitted a colorable claim that justifies an evidentiary hearing on the issue. *See Fillmore*, 187 Ariz. at 182, 927 P.2d at 1311.

**P O R T L E Y,** Judge, specially concurring:

¶20        Although I agree that this matter should be remanded for an evidentiary hearing on the ineffective assistance of counsel claim, I write separately. I see the issue as simply whether the trial counsel advised her client about the state of the law as it then existed, given the factual information she had about the charges, including the police use of GPS, as well as the plea offer, and whether Nelson wanted to proceed with the proffered offer.

¶21        As we noted, the parties advised the superior court that no evidentiary hearing was necessary because the issue could be resolved as a matter of law. I am confident that once the superior court hears the evidence, the court can apply *Strickland* to resolve Nelson's claim of ineffective assistance of counsel. As a result, I see no need for footnotes 2 and 4.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh