NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ROBERT FRANK PELTON, *Petitioner.*

No. 1 CA-CR 12-0204 PRPC
FILED 2-5-2015

Petition for Review from the Superior Court in Mohave County
No. CR2010-00021
The Honorable Rick A. Williams, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Jacob Cote
*Counsel for Respondent*

Mohave County Legal Defender's Office, Kingman
By Ronald S. Gilleo
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Kenton D. Jones and Judge Michael J. Brown joined.

**S W A N N**, Judge:

¶1          Robert Frank Pelton petitions this court for review of the trial court's summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          Pelton was indicted on four counts of aggravated DUI arising out of a single drunk-driving incident. The charges included: Count 1, driving while impaired with a suspended license; Count 2, driving with a blood alcohol concentration of 0.08 or more with a suspended license; Count 3, driving while impaired with two prior DUI violations within 84 months; and Count 4, driving with a blood alcohol concentration of 0.08 or more with two prior DUI violations within 84 months. Pursuant to a plea agreement, Pelton pled guilty to Count 2 in exchange for dismissal of the other three counts. He was sentenced to a presumptive 2.5-year prison term.

¶3          Pelton filed a petition for post-conviction relief. He argued that his trial counsel was ineffective because Pelton claimed he had a valid Utah driver's license at the time of the charged offenses, and his trial counsel failed to inform him that this license would have given him a defense to driving on a suspended or revoked license in Arizona. The state opposed the petition, arguing that Pelton's Utah license had been suspended prior to this offense. Additionally, the state argued that any potential defense with respect to Counts 1 and 2 was not grounds for relief because Pelton failed to raise a defense with regard to Counts 3 and 4. In response, Pelton asserted that his trial counsel was nevertheless ineffective because Pelton did not have notice of the suspension of either his Utah or Arizona licenses, and his counsel failed to advise him that this was a possible defense to Counts 1 and 2.

¶4        The trial court summarily dismissed the petition, finding that Pelton failed to allege a colorable claim for relief.  In its ruling, the trial court also stated that it had examined the court's own records regarding Pelton's prior DUI convictions, and found a letter from Pelton dated less than three weeks before the offense at issue, acknowledging that his privilege to drive in Arizona had been suspended.

¶5        Pelton moved for rehearing, arguing that he did not write the letter referenced by the trial court, and provided an affidavit from his mother in which she stated she had written the letter on her son's behalf without his knowledge.  The trial court denied the motion, stating that it had reviewed the file again and found good cause for dismissal.

## DISCUSSION

¶6        We review the summary dismissal of a petition for post-conviction relief based on lack of a colorable claim for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.2d 63, 67 (2006).

¶7        Pelton argues that the trial court erred when it denied his motion for rehearing, especially in light of his affidavit stating that he did not write the letter acknowledging the suspension of his driving privileges. He also asserts that an evidentiary hearing should have been held concerning his knowledge of the suspension.  While we agree that the affidavits created an issue of fact as to whether Pelton was aware that his privilege to drive in Arizona had been suspended, we deny relief.  *See State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987) ("We may affirm on any basis which is supported by the record."); *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason.").  Notwithstanding that issue of fact, Pelton has failed to raise a colorable claim that his counsel's failure to advise him about his possible defenses affected his decision to plead guilty.  And an evidentiary hearing is not warranted unless the petitioner asserts a colorable claim.  *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990).

¶8        To establish a colorable claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance fell below objectively reasonable standards, and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985).  To show prejudice, a defendant must demonstrate that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Strickland*, 466 U.S at 694. If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

¶9        To the extent Pelton's lack of knowledge about the suspension of his driving privileges might have created a defense, an issue we do not decide, it would have only impacted Counts 1 and 2 of the indictment. The other two counts were aggravated DUIs based on Pelton's two prior DUI convictions. In neither his petition for post-conviction relief nor his motion for rehearing did Pelton assert that he had any defense to these aggravated DUI charges. And although he stated in his affidavit that he would not have pled guilty to Count 2, Pelton does not indicate that he would not have pled guilty to one of the other counts to resolve the charges against him. All of the charges arose out of one incident and all carried the same penalties; therefore, the plea agreement could just as easily have been structured so that Pelton pled guilty to another count with the same results. Viewing the entire record, absent some explanation as to why Pelton would not have pled guilty to either Count 3 or 4 rather than Count 2, Pelton has failed to show any "reasonable probability" that but for his trial counsel's deficiency in advising him of the law regarding Counts 1 and 2, the outcome in this matter would have been different.

## CONCLUSION

¶10        Because Pelton failed to make a sufficient showing of prejudice for his claim of ineffective assistance of counsel, the trial court did not abuse its discretion when it summarily dismissed Pelton's petition. Accordingly, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama