NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER TODD OLSON, *Petitioner*.

No. 1 CA-CR 15-0632 PRPC
FILED 4-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-150264-001DT
The Honorable Barbara L. Spencer, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Christopher Todd Olson, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Chief Judge Michael J. Brown joined.

**J O H N S E N**, Judge:

¶1 Christopher Todd Olson petitions this court for review from the dismissal of his second petition for post-conviction relief. In 2010, a jury found Olson guilty of aggravated assault, a dangerous offense. The superior court imposed a sentence of 15.75 years' imprisonment. This court affirmed Olson's conviction and sentence on direct appeal. *State v. Olson*, 1 CA-CR 10-0402 (Ariz. App. June 23, 2011) (mem. decision). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Olson filed his first petition for post-conviction relief pro se after appointed counsel found no issue appropriate for review. Olson's first petition for post-conviction relief raised issues regarding alleged perjured testimony and contradictory evidence, ineffective assistance of post-conviction relief counsel and the court's usage of prior convictions more than ten years old at sentencing. The superior court dismissed the petition without a hearing.

¶3 Olson's second petition for post-conviction relief raised issues of prosecutorial misconduct and ineffective assistance of counsel at trial, on direct appeal, and on post-conviction relief. The superior court dismissed the petition, finding that Olson's claims were precluded and/or untimely.[1]

¶4 On review, Olson argues the superior court abused its discretion when it summarily ruled without a hearing that Olson could not raise a claim for ineffective assistance of counsel during his first post-conviction proceeding. We review the superior court's summary dismissal of a petition for abuse of discretion. *State v. Watton*, 164 Ariz. 323, 325 (1990). The superior court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon*, 146 Ariz. 392, 399 (1985). Olson's petition was not only successive and untimely, but he failed to provide facts or legal argument that gave rise to a colorable claim.

¶5 To the extent that Olson claims ineffective assistance at trial or on direct appeal, those claims are precluded. Arizona Rule of Criminal Procedure 32.2(a)(3) precludes a defendant from seeking relief that has been waived at trial, on appeal, or in any previous collateral proceeding, and

---

[1] The superior court filed two separate but substantively identical dismissals of the petition. The first was filed September 8, 2015; the second was filed September 14, 2015.

none of the exceptions in Rule 32.2(b) apply; Olson fails to provide sufficient argument and reference to the record to substantiate a colorable claim under any of the exceptions. *See State v. Swoopes*, 216 Ariz. 390, 397, ¶ 23 (App. 2007) ("[W]hen 'ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'") (quoting *State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4 (2002)).

**¶6**         Finally, contrary to Olson's claim, as a non-pleading defendant, he has no right to effective assistance of counsel in a post-conviction relief proceeding. *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 4-6 (App. 2013) (rejecting argument that *Martinez v. Ryan*, 566 U.S. 1 (2012) requires otherwise).

**¶7**         For the foregoing reasons, we grant review but deny relief.

