NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FREDERICK DOUGLAS SMOOTS, *Petitioner*.

No. 1 CA-CR 15-0644 PRPC
FILED 5-16-17

Petition for Review from the Superior Court in Maricopa County
No. CR2011-128357-001
The Honorable Brian Kaiser, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Frederick Douglas Smoots, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

¶1        Frederick Douglas Smoots petitions for review from the dismissal of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2012, a jury convicted Smoots of misconduct involving weapons, a class 4 felony and repetitive offense.  Smoots was sentenced to nine years in prison.   After Smoots filed a notice of appeal, this Court conducted a review pursuant to *Anders v. California*, 386 U.S. 738 (1967), and affirmed his conviction and sentence.  *See State v. Smoots*, 1 CA-CR 13-0016, 2013 WL 6567754 (Dec. 12, 2013) (mem. decision).

¶3        In 2014, Smoots filed a petition for post-conviction relief.  The superior court summarily dismissed the petition, and Smoots timely sought our review.  We will reverse the summary dismissal order only if an abuse of discretion affirmatively appears from the record.  *State v. Watton*, 164 Ariz. 323, 325 (1990).

¶4        Smoots' petition for review renews three arguments of ineffective assistance of counsel made in the superior court:  (1) trial counsel was ineffective by failing to explain the rule of law relating to constructive possession; (2) trial counsel was ineffective by failing to adequately explain the merits of entering into a plea offer versus the possible exposure Smoots faced if he proceeded to trial, where his prior felony convictions would be introduced; and (3) trial counsel was ineffective by failing to inform Smoots of a ruling precluding evidence about a prior excessive force incident.

¶5        Ineffective assistance of counsel that causes a defendant to reject a favorable plea and proceed to trial is a cognizable claim.  *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000).  However, a petitioner must demonstrate a "reasonable probability" that, but for counsel's

unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The burden is on a petitioner seeking post-conviction relief to establish ineffective assistance of counsel, which must be based on "provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).

**¶6** "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010). To raise a colorable claim of ineffective assistance of counsel, Smoots must establish both that trial counsel's performance fell below an objectively reasonable professional standard and that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687; *State v. Nash*, 143 Ariz. 392, 397 (1985). Smoots' petition fails on both prongs.

**¶7** Smoots has demonstrated neither that trial counsel's performance was deficient as to the constructive possession issue nor that his lawyer's legal advice on this point caused him prejudice. At trial, Smoots admitted knowing he was "not supposed to have a firearm" or "be around a firearm." Smoots was aware the gun was in his car, was "observed moving something from the passenger side to the driver's side, where the handgun was found," and told a detective that "the gun under my seat" belonged to a friend. *Smoots*, 2013 WL 6567754, at *2, ¶ 11. Under these circumstances, Smoots can demonstrate no prejudice flowing from the alleged failure of trial counsel to more fully explain the doctrine of constructive possession.[1]

**¶8** In terms of Smoots' prior convictions, not only were they discussed at a settlement conference Smoots attended, but the State was obligated to prove at least one prior conviction in order to satisfy the statutory elements of the charged offense. At the settlement conference, Smoots was told of the State's plea offer and the sentencing range he faced if he was found guilty. Smoots made the decision to reject the offer. Further, at the settlement conference, the State alerted Smoots to the fact it would seek to prove his prior convictions. Then, at trial, the court held a discussion regarding the relevance and probative value of proving all of Smoots' prior convictions, weighed against the prejudicial value of proving

---

[1] As the superior court noted, Smoots raised a related issue regarding defense counsel's alleged failure to advise him that his DNA was not found on the gun. But a conviction based on constructive possession can occur without Smoots actually touching the firearm.

more than one prior. The court permitted the State to prove — in sanitized fashion — only the two most recent felony convictions.

¶9          Finally, regarding Smoots' claim that his lawyer was ineffective because she did not raise his prior excessive force claim, the record indicates Smoots discussed this issue at the settlement conference. And at trial, defense counsel attempted to elicit testimony about the 2009 incident when questioning Smoots. The court, however, sustained the State's relevance objection. Smoots has not demonstrated that the court would have ruled differently had his lawyer filed a motion or conducted additional investigation into that incident.

¶10        Smoots not only has failed to demonstrate that his counsel's representation was deficient, but he has failed to establish the requisite prejudice stemming from any allegedly ineffective assistance. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Further, defense counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. No such errors are apparent from this record.

## CONCLUSION

¶11        For the foregoing reasons, we grant review but deny relief.

