IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2002-0187-PR |
| Respondent, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ERNESTO LUIS CAZARES, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20010541

Honorable John E. Davis, Judge

REVIEW GRANTED; RELIEF DENIED

Susan A. Kettlewell, Pima County Public Defender
 By Frank P. Leto                                                                       Tucson
                                                                       Attorneys for Petitioner

E S P I N O S A, Chief Judge.

¶1          Petitioner Ernesto Luis Cazares pled guilty to and was convicted of aggravated assault with a deadly weapon or dangerous instrument.  The trial court sentenced the then-eighteen-year-old petitioner to a partially aggravated, five-year prison term.  Petitioner challenged that sentence in a petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., arguing that the trial court had failed to consider the "significant mitigating circumstance of age of the defendant," a statutory mitigating factor under A.R.S. § 13-702(D)(1).

¶2        In ruling on the petition, the trial court first found that "Petitioner's claims do not appear to fall under any of the provisions of Rule 32 that provide for post-conviction relief." The court nevertheless addressed the petition on the merits and denied relief without a hearing. We will not disturb a trial court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Watton*, 164 Ariz. 323, 793 P.2d 80 (1990). Although we disagree with the trial court's initial finding, there was no abuse of discretion in its ruling on the merits and we therefore deny relief.

¶3        We first consider the trial court's conclusion that petitioner had not made a claim for relief available under Rule 32. Article 2, § 24 of the Arizona Constitution provides that an accused in a criminal prosecution has the "right to appeal in all cases," which, pursuant to A.R.S. § 13-4033(A)(3), includes the right to appeal a "sentence on the grounds that it is illegal or excessive." Petitioner's claim is of the kind that was addressed on appeal in *State v. Harrison*, 195 Ariz. 28, 985 P.2d 513 (App. 1998), *aff'd*, 195 Ariz. 1, 985 P.2d 486 (1999), in which the trial court's failure to comply with the procedures outlined in the sentencing statutes in imposing an aggravated sentence resulted in a remand for resentencing. While it is true that a defendant who pleads guilty waives the right to appeal directly to an appellate court, § 13-4033(B); Rule 17.1(e), Ariz. R. Crim. P., 16A A.R.S., the sentencing process followed in *Harrison* would not necessarily have been insulated from review if the defendant in that case had pled guilty instead of going to trial. The sentencing statutes do not distinguish between convictions resulting from trials and guilty pleas, and the right to be sentenced according to law is not among the myriad rights pleading defendants waive. *See* Ariz. R. Crim. P. 17.2, 16A A.R.S.

2

¶4 Because a defendant who pleads guilty waives the right to appeal directly to an appellate court, Rule 32 is "the only means available for exercising the constitutional right to appellate review." *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616, *supp op.*, 182 Ariz. 118, 893 P.2d 1281 (1995). Rule 32.1(c) permits post-conviction relief when the sentence imposed is "not in accordance with the sentence authorized by law." We conclude that this provision of Rule 32 encompasses a claim that a sentence was not imposed in compliance with the relevant sentencing law, at least for a sentence imposed on a pleading defendant. *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (scope of Rule 32 relief interpreted liberally in allowance for elimination of right to appeal following guilty plea).

¶5 We now turn to the trial court's denial of petitioner's claim on the merits. Section 13-702(D)(1) provides that "the court shall consider" as a "mitigating circumstance[] . . . [t]he age of the defendant." In imposing the aggravated sentence, the trial court articulated numerous aggravating circumstances, including petitioner's criminal history and his failure to avail himself of rehabilitation opportunities he had been offered. The trial court also found two mitigating circumstances but did not expressly find petitioner's age to be a mitigating circumstance.

¶6 A trial court has broad discretion to determine the appropriate penalty to impose upon conviction, and we will not disturb a sentence that is within statutory limits, as petitioner's is, unless it clearly appears that the court abused its discretion. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Cameron*, 146 Ariz. 210, 704 P.2d 1355 (App. 1985). We will find an abuse of sentencing discretion only if the court acted arbitrarily or capriciously or failed to adequately investigate the facts relevant to sentencing. *State v. Ward*, 200 Ariz. 387, 26 P.3d 1158 (App. 2001). Provided the trial court fully considers the factors relevant to imposing

3

sentence, we will generally find no abuse of discretion. *State v. Webb*, 164 Ariz. 348, 793 P.2d 105 (App. 1990).

¶7     Petitioner's youthful age was no doubt apparent from his appearance in court; it was accurately and prominently reflected on the first page of the presentence report; and at the sentencing hearing, defense counsel stressed that petitioner "is a very young man, 18 years old." Because we presume the court considered any evidence relevant to sentencing that was before it, *State v. Everhart*, 169 Ariz. 404, 819 P.2d 990 (App. 1991), we conclude that the court considered petitioner's age in mitigation.

¶8     However, a sentencing court is not required to find that mitigating circumstances exist merely because mitigating evidence is presented; the court is only required to give the evidence due consideration. *State v. Fatty*, 150 Ariz. 587, 724 P.2d 1256 (App. 1986). The weight to be given any factor asserted in mitigation rests within the trial court's sound discretion. *State v. Towery*, 186 Ariz. 168, 920 P.2d 290 (1996). Thus, although § 13-702(D)(1) required the trial court to consider petitioner's age in mitigation, the court was not obligated to find petitioner's age mitigating, particularly in a case like this in which, as the presentence report noted, "[t]he defendant comes before the Court with an extensive criminal history vis-à-vis his age." *See State v. de la Garza*, 138 Ariz. 408, 675 P.2d 295 (App. 1983) (youth not a mitigating factor *per se* but only if defendant lacks substantial judgment due to immaturity), *disapproved on other grounds*, *State v. Thurlow*, 148 Ariz. 16, 712 P.2d 929 (1986).

**¶9**        Accordingly, we find that the trial court did not abuse its discretion in summarily denying post-conviction relief.  Although we grant the petition for review, we deny relief.

_____
PHILIP G. ESPINOSA, Chief Judge

CONCURRING:


_____
JOHN PELANDER, Presiding Judge


_____
WILLIAM E. DRUKE, Judge (Retired)