NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PETE RUBEN VASQUEZ, *Petitioner*.

No. 1 CA-CR 14-0483 PRPC
FILED 8-9-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 1994-007713
The Honorable Christine E. Mulleneaux, *judge pro tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Pete Ruben Vasquez, Florence
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Jon W. Thompson joined.

**K E S S L E R,** Judge:

¶1   Pete Ruben Vasquez aka Pete Ruben Huerta petitions this Court for review of the summary dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2   In 1995, Vasquez pled guilty in Maricopa County Superior Court cause number CR94-07713 to two counts of attempted sexual conduct with a minor in the second degree. On August 21, 1995, the superior court sentenced Vasquez in accordance with the plea agreement to a ten-year term of imprisonment followed by a term of lifetime probation.

¶3   In May 2010, while Vasquez was on probation following his release from prison, the State petitioned to revoke his probation. Vasquez admitted to the violation, and on November 1, 2010, the superior court revoked his probation and sentenced him to a ten-year term of imprisonment.

¶4   Vasquez filed a timely notice of post-conviction relief of right and the superior court appointed counsel to represent him. Appointed counsel filed a notice of completion of post-conviction review, stating he could find no claims for relief to raise on Vasquez's behalf. The proceedings were dismissed on November 3, 2011, after Vasquez was given the opportunity to file a *pro se* petition and failed to do so.

¶5   On February 20, 2014, Vasquez filed a notice and petition for post-conviction relief alleging claims of illegal sentence and ineffective assistance of trial and appellate counsel. The superior court summarily dismissed the proceedings, finding the notice and petition to be untimely and successive and the claims to be precluded. This petition for review followed.

¶6   On review, Vasquez contends the superior court erred in denying relief on his claims of illegal sentence and ineffective assistance of counsel. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶7   Because Vasquez filed his second notice and petition for post-conviction relief more than ninety days after the order of dismissal of his post-conviction proceeding of right, the notice and petition were untimely. *See* Ariz. R. Crim. P. 32.4(a). "Any notice not timely filed may only raise

claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." *Id.*; *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions).

¶8            Claims of illegal sentence do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are encompassed within Rule 32.1(c). *State v. Cazares*, 205 Ariz. 425, 426, ¶ 4 (App. 2003). Similarly, claims of ineffective assistance of counsel do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are "cognizable under Rule 32.1(a)." *State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010); *see also* Ariz. R. Crim. P. 32.1(a) cmt. (noting claims of ineffectiveness of counsel and violations of other constitutional rights fall under this subsection). Thus, the superior court did not err in ruling that Vasquez was precluded from raising the illegal sentence and ineffective assistance of counsel claims in the untimely post-conviction proceeding. Accordingly, there was no abuse of discretion by the superior court in summarily dismissing the notice and petition.

¶9            For the foregoing reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA