NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN ALFRED ROBERTS, *Petitioner*.

No. 1 CA-CR 15-0438 PRPC
FILED 3-2-2017

Petition for Review from the Superior Court in Yavapai County
Nos. V1300CR201380443
V1300CR201380451
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Yavapai County Attorney's Office, Prescott
By Patti M. Wortman
*Counsel for Respondent*

John Alfred Roberts, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco[1] joined.

---

**B R OW N,** Chief Judge:

**¶1**        John Alfred Roberts petitions for review of the summary dismissal of his motion for sentence reduction, which the superior court treated as a petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        Roberts pled guilty to two counts of child molestation, a class 2 felony and dangerous crime against children, and two counts of attempted child molestation, a class 3 felony and dangerous crime against children.   On April 15, 2014, the superior court sentenced Roberts to two consecutive seventeen-year prison terms on the convictions for child molestation and placed him on lifetime probation on the two convictions for attempted child molestation.

**¶3**        In January 2015, Roberts filed an untimely notice of post-conviction relief, which the superior court dismissed based on the lack of meritorious reasons for not filing the notice in a timely manner.  In May 2015, Roberts filed a motion for sentence reduction in which he argued he was illegally and unconstitutionally sentenced under Arizona Revised Statutes section 13-604.01.   The superior court treated the motion as an untimely petition for post-conviction relief and denied the motion.

**¶4**        On review, Roberts re-asserts challenges to his sentencing. Because his motion for sentence reduction attacked the validity of his sentences, the superior court properly treated it as a petition for post-conviction relief.  Ariz. R. Crim. P. 32.3. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).  Furthermore, we may affirm the

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

superior court's ruling "on any basis supported by the record."  *State v. Robinson*, 153 Ariz. 191, 199 (1987).

**¶5**        The superior court correctly ruled that the motion for sentence reduction presented no legal or factual basis for granting relief under Rule 32.  Because the motion was filed more than ninety days after entry of judgment and sentence, it was untimely.  Ariz. R. Crim. P. 32.4.  An untimely petition for post-conviction may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h).  *Id.*; *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions).  Claims of illegal sentence do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are encompassed within Rule 32.1(c).  *State v. Cazares*, 205 Ariz. 425, 426, ¶ 4 (App. 2003).

**¶6**        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA