NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MATTHEW CHARLES WRIGHT, *Petitioner.*

No. 1 CA-CR 15-0645 PRPC
FILED 4-20-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2010-006281-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Matthew Charles Wright, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Chief Judge Michael J. Brown joined.

**J O H N S E N,** Judge:

**¶1**        Matthew Charles Wright petitions for review of the summary dismissal of his untimely notice for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        Wright pled guilty to two counts of attempted molestation of a child and one count of attempted sexual conduct with a minor, each a Class 3 felony and dangerous crime against children. In October 2010, the superior court sentenced Wright to a ten-year prison term on one of the convictions for attempted molestation of a child and placed him on lifetime probation for the other two convictions.

**¶3**        In August 2015, Wright moved for permission to file an untimely petition for post-conviction relief. Wright did not provide any facts to support a claim for post-conviction relief; instead, he simply stated he "will make his claims clear in his petition once permission is granted." Treating the motion as a notice of post-conviction relief, the superior court summarily dismissed it for failure to provide any factual support for an untimely petition. This petition for review followed.

**¶4**        On review, Wright argues relief should be granted because the superior court imposed illegal sentences because probation for a Class 3 felony cannot exceed five years. We review the denial of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). We may uphold the superior court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987).

**¶5**        The superior court did not err in summarily dismissing the untimely notice of post-conviction relief. Because Wright's motion was filed more than 90 days after entry of judgment and sentence, it was untimely. Ariz. R. Crim. P. 32.4. When a claim is raised in an untimely post-conviction proceeding, the notice must set forth the "reason for not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 32.2(b). "If . . . meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated . . . in a timely manner, the notice shall be summarily dismissed." *Id.* Because Wright provided no reason for his failure to raise his claim in a timely manner, the superior court properly dismissed the notice.

**¶6**        Moreover, an untimely petition for post-conviction relief may raise claims only pursuant to Rule 32.1(d), (e), (f), (g) or (h). *Id.; see also State*

*v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely petitions). A claim of illegal sentence does not fall within Rule 32.1(d), (e), (f), (g) or (h) because it is encompassed within Rule 32.1(c). *See State v. Cazares*, 205 Ariz. 425, 426, ¶ 4 (App. 2003).

**¶7** In any event, Wright's claim is without merit. Although the maximum length of probation for a Class 3 felony is generally five years, because Wright was convicted of sex offenses under chapter 14 of Title 13, the court was authorized to impose lifetime probation. Ariz. Rev. Stat. § 13-902(E) (2017).[1]

**¶8** Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] Absent material revision in the intervening years, we cite the current version of the statute.