NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL GLENN HAZZARD, *Petitioner*.

No. 1 CA-CR 15-0746 PRPC
FILED 5-23-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2000-091770
The Honorable Alfred M. Fenzel, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Michael Glenn Hazzard, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A,** Judge:

¶1         Petitioner Michael Glenn Hazzard seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

¶2         In July 2000, Hazzard pled guilty to one count each of sexual conduct with a minor, a Class 2 felony and dangerous crime against children in the first degree (Count 1); and attempted sexual conduct with a minor, a Class 3 felony and dangerous crime against children in the second degree (Count 2). The offenses were committed on or between August 1, 1994 and December 31, 1995. The court imposed the maximum prison sentence of 27 years for Count 1 to be followed by lifetime probation for Count 2.

¶3         Hazzard timely filed a notice for post-conviction relief, but, after reviewing the record, appointed counsel could find no claims for relief. Although the superior court allowed Hazzard additional time to file a petition for post-conviction relief as a self-represented litigant, he failed to do so. The court then dismissed the Rule 32 proceeding.

¶4         In 2010, Hazzard filed a combined notice and petition for post-conviction relief. He raised claims of ineffective assistance of trial and Rule 32 counsel, and he challenged his sentence and lifetime probation due to a significant change in the law. The superior court dismissed the petition, and this court denied review in 1 CA-CR 10-0992 PRPC.

¶5         In July 2015, Hazzard filed another combined notice and petition for post-conviction relief. He repeated his claims of ineffective assistance and his challenges to the sentence and lifetime probation. Hazzard also raised new arguments regarding the lawfulness and constitutionality of his sentence and consecutive probation. The court summarily dismissed the Rule 32 proceedings, finding Hazzard's successive and untimely claims were precluded. The court also rejected Hazzard's Rule 32.1(d) claim because he misconstrued the applicable sentencing statutes in arguing that he should have been sentenced to five

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

years for Count 1. *See* Ariz. R. Crim. P. 32.1(d) (held in custody after expiration of sentence). This timely petition for review followed.

**¶6**        Hazzard argues his unlawful sentence amounted to fundamental error entitling him to be resentenced and that the superior court "was without jurisdiction to render an illegal judgment or to impose an illegal sentence." He also argues the court erred in finding his claims precluded. According to Hazzard, he should be able to untimely raise his sentencing claims because he recently discovered the purported unlawfulness of his sentence and probation, and therefore, Rules 32.1(e) (newly discovered facts) and (g) (significant change in the law) "afford[] a vehicle" for properly raising untimely Rule 32.1(a) claims. In support, he cites *Stewart v. Smith*, 202 Ariz. 446 (2002) and *State v. Rosales*, 205 Ariz. 86 (App. 2003). Hazzard also argues that, as a "layman," he should not be held to the same standard as a "professional trained in the law."

**¶7**        The superior court is authorized to summarily dismiss a Rule 32 proceeding based on preclusion. Ariz. R. Crim. P. 32.2(a), 32.6(c). A claim is precluded when it "has been waived at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). Any claim that could have been (or was) raised in an earlier Rule 32 proceeding is precluded. *See* Ariz. R. Crim. P. 32.2(a); *see also State v. Bennett*, 213 Ariz. 562, 566 ¶ 14 (2006). A petitioner like Hazzard, who files a successive notice of post-conviction relief, may only assert claims that fall within Rule 32.1(d), (e), (f), (g), or (h), and must state in the notice "meritorious reasons . . . substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b).

**¶8**        Because Hazzard's sentencing claims were pursuant to Rule 32.1 (a) (unconstitutional conviction or sentence) and (c) (illegal sentence), they were properly subject to preclusion. *See* Ariz. R. Crim. P. 32.2(a); *see also State v. Peek*, 219 Ariz. 182, 183 ¶ 4 (2008); *State v. Cazares*, 205 Ariz. 425, 426, ¶ 4 (App. 2003). Had he filed a timely self-represented petition after Rule 32 counsel filed the notice of completion, Hazzard could have raised his sentencing and ineffective assistance claims, thereby avoiding preclusion. Ariz. R. Crim. P. 32.4(a). Additionally, Hazard was precluded from repeating claims that that he raised in his previous petition for post-conviction relief. *Bennett*, 213 Ariz. at 566 ¶ 14.

**¶9**        Hazzard's attempts to circumvent preclusion by characterizing his purported unlawful sentence and probation as "fundamental error" and as depriving the superior court of "jurisdiction" fail. *See State v. Smith*, 184 Ariz. 456, 460 (1996) (no fundamental error review in post-conviction relief proceeding); *State v. Bryant*, 219 Ariz. 514, 517 ¶¶

14-17 (App. 2008) (an illegal sentence is not a lack of subject matter jurisdiction error). Nor are these deficiencies cured by Hazzard's assertion that, as a self-represented petitioner, he should be held to a lesser standard. *Cf. State v. Cornell*, 179 Ariz. 314, 331 (1994) ("[A] defendant acting in propria persona is subject to the same rules as an attorney.").

¶10 Hazzard's reliance on *Smith* also is misplaced. In *Smith*, the Arizona Supreme Court responded to a certified question from the United States Supreme Court as follows:

> [I]f petitioner asserts ineffective assistance of counsel for the first time in a successive Rule 32 petition, the question of preclusion is determined by the nature of the right allegedly affected by counsel's ineffective performance. If that right is of sufficient constitutional magnitude to require personal waiver by the defendant and there has been no personal waiver, the claim is not precluded. If it is not of such magnitude, the claim is precluded.

*Smith*, 202 Ariz. at 450 ¶ 12. Notably, the court did not hold that sentencing error "is of sufficient constitutional magnitude to require personal waiver by the defendant" to avoid precluding a Rule 32 claim of ineffective assistance of counsel based on counsel's purported failure to address an alleged unlawful sentence. Nor does Hazzard cite any applicable authority standing for that proposition. Moreover, *Smith* does not address Arizona law regarding preclusion of Rule 32 claims challenging a sentence's lawfulness; it only addresses ineffective assistance of counsel claims.

¶11 *Rosales* similarly is inapposite. In that case, the petitioner successfully sought leave to file a delayed direct appeal under Rule 32.1(f). *Rosales*, 205 Ariz. at 87 ¶ 3. On appeal, this court affirmed the petitioner's convictions, modified some of his sentences and remanded for resentencing on the others. *Id.* After the mandate issued, the petitioner through appellate counsel timely filed with the superior court a notice of post-conviction relief, who sought replacement counsel because the notice asserted a claim of ineffective assistance of appellate counsel. 205 Ariz. at 87 ¶¶ 3-4. The superior court summarily dismissed the Rule 32 proceedings. *Id.* at ¶ 4. This court vacated the dismissal, reasoning that the notice was timely and represented the first opportunity for petitioner to raise a claim of ineffective assistance of appellate counsel, a cognizable claim under Rule 32. *Id.* at 89 ¶¶ 7-8. Here, however, during his initial Rule 32 proceedings, Hazzard had

the opportunity to file a self-represented petition and properly raise a claim of ineffective assistance of counsel at that time. He failed to do so.

¶12 Here, unlike *Smith* and *Rosales*, Hazzard's successive and untimely petition for post-conviction relief did not present a situation where a finding of preclusion of an untimely Rule 32 claim resulted in an abuse of discretion.

¶13 Finally, with respect to the merits of Hazzard's substantive claims of an unlawful sentence and probation, the superior court's dismissal order clearly identified and correctly ruled upon the merits. The court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Accordingly, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, this court adopts the superior court's reasoning, also noting that because Hazzard's sentence and probation were lawful, counsel was not ineffective for failing to argue otherwise.

¶14 For these reasons, this court grants review and denies relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

5