NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT EDWARD JOHNSON, *Petitioner*.

No. 1 CA-CR 16-0448 PRPC

FILED 9-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-123101-001
The Honorable Connie Contes, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Robert Edward Johnson, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1 Robert Edward Johnson petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Johnson pled guilty to attempted second degree murder, a class 2 dangerous felony and domestic violence offense, and attempted aggravated assault, a class 3 dangerous crime against children and domestic violence offense. The superior court sentenced Johnson to 17.5 years' imprisonment on count one and lifetime probation on the second count.

¶3 In this, his fourth petition for post-conviction relief, Johnson claims his plea was involuntary, he is innocent due to mental illness, and evidence relating to his mental health constitutes newly discovered material facts pursuant to Arizona Rule of Criminal Procedure 32.1(e). He also asserts the superior court abused its discretion by not considering the "entire mental evaluation report" submitted at sentencing and by failing to give appropriate weight to the mental health evidence, as mitigating circumstances. He bases this claim on a significant change in the law, Ariz. R. Crim. P. 32.1(g), citing *McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015).

¶4 On petition for review to this court, Johnson raises only the dismissal of his Rule 32.1(g) and Rule 32.1(e) claims. Johnson does not state a colorable claim under Rule 32.1(e). A partial psychological report was submitted at his original sentencing, along with other evidence documenting Johnson's mental health. In dismissing his petition, the superior court (the same court that sentenced him) noted it had previously reviewed this evidence and that Johnson's labeling of some of his previous symptoms as "PTSD" was not new as the "[c]ourt was aware of the potential sources of the condition."

¶5 Johnson is not entitled to relief under *McKinney*, as it does not constitute a significant change in the law under Rule 32.1(g). A significant change in the law "requires some transformative event, a clear break from the past." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15 (2009) (citation omitted). *McKinney* is not a significant change in the law, since it merely applied previous decisions from *Eddings v. Oklahoma*, 455 U.S. 104 (1982), to reverse an Arizona decision for applying an "unconstitutional causal nexus test" to a relevant non-statutory mitigating factor (PTSD) in a *death penalty* case.

*McKinney*, 813 F.3d at 819. *McKinney* is neither new, nor relevant for purposes of our review.

**¶6**        In reality, Johnson's claims are for an abuse of discretion regarding his sentence. They are untimely and could have been raised in previous proceedings. *See* Ariz. R. Crim. P. 32.4(a). Because Johnson's claims are pursuant to Rule 32.1(c) (illegal sentence), they were properly subject to preclusion. *See* Ariz. R. Crim. P. 32.2(a)-(b); *see also State v. Peek*, 219 Ariz. 182, 182-83 ¶¶ 4-5 (2008) (claim of illegal sentence must be timely presented).

**¶7**        In addition, the record reflects that the superior court was aware of and considered the issues related to Johnson's mental health history when it sentenced him. The superior court is not required to find that mitigating circumstances exist merely because mitigating evidence is presented; it is only required to give the evidence due consideration. *State v. Cazares*, 205 Ariz. 425, 427, ¶ 8 (App. 2003). The weight to be given any factor in mitigation rests within the superior court's sound discretion. *Id.* Indeed, the superior court did not abuse its discretion in imposing sentence, and the petition, couched in "significant change in the law" and "newly discovered evidence" terms, is untimely and therefore precluded.

**¶8**        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3