NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DOUGLAS DONTAE SMITH, *Petitioner*.

No. 1 CA-CR 19-0136 PRPC

FILED 5-14-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2017-156087-001
CR2013-435355-001
The Honorable Paula A. Williams, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Frankie Y. Jones
*Counsel for Respondent*

Douglas Dontae Smith, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        Douglas Dontae Smith petitions this court for review from the superior court's dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Smith pleaded guilty to possession or use of marijuana with one prior felony conviction.  In his plea agreement, Smith stipulated that he would be sentenced to prison for no less than the presumptive term.  The superior court sentenced him to the presumptive term of one and three-quarter years in prison.

¶3        Smith timely initiated a request for post-conviction relief, and the superior court appointed counsel to represent him.  After reviewing the record and other pertinent documents, Smith's assigned attorney filed a notice stating she could find no colorable claims to raise on Smith's behalf.  With the permission of the superior court, Smith filed a *pro se* petition for relief.  The court summarily dismissed Smith's petition, occasioning our review.

¶4        In the petition before us, Smith contends the superior court abused its discretion by not mitigating his sentence in consideration of his being unlawfully incarcerated in the past.  The record corroborates Smith's position that he was erroneously sentenced to a year in prison in 2014.[1]  Although Smith's experience is regrettable, no remedy is found in the challenge before us.  At the sentencing hearing in this case, Smith's attorney related the details of his erroneous incarceration and asked the sentencing judge to mitigate Smith's sentence on that basis.  The judge initially expressed an inclination to impose an aggravated sentence, but expressly

---

[1]      The unlawful sentence was imposed after the superior court revoked Smith's probation for a prior conviction despite having previously discharged him from the probationary term.

stated she was considering the mitigating circumstances and sentenced Smith to the presumptive term. The sentence was the minimum allowed under the terms of Smith's plea agreement and we find no abuse of discretion in the court's consideration of mitigating circumstances. *See State v. Cazares*, 205 Ariz. 425, 427, ¶ 8 (App. 2003) ("[A] sentencing court is not required to find that mitigating circumstances exist merely because mitigating evidence is presented; the court is only required to give the evidence due consideration."); *see also* A.R.S. § 13-701(E)(6) (giving the court discretion to find a mitigating factor not otherwise enumerated in the statute if "relevant to the defendant's character or background or to the nature or circumstances of the crime"); *State v. Olmstead*, 213 Ariz. 534, 535, ¶ 6 (App. 2006) (observing that the trial court has discretion to impose a presumptive sentence even if it finds only mitigating, and no aggravating, factors).

¶5        Smith also claims ineffective assistance of counsel on the grounds that a prior attorney or attorneys failed to prevent his erroneous incarceration in 2014 and failed to explain the terms of probation in one or more earlier cases. Because these assertions of error do not pertain to the case before us, we do not consider them. We also decline to consider claims that Smith did not present to the superior court in his underlying petition for relief. *See* Ariz. R. Crim. P. 32.16(c)(2)(B); *cf. State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (observing that courts will not grant post-petition relief based upon matters raised subsequent to the underlying petition).

¶6        For the reasons set forth above, we grant review but deny relief.

