NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GINA JEANNETTE DUMONT, *Petitioner*.

No. 1 CA-CR 20-0293 PRPC
FILED 4-8-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201700053
The Honorable Billy K. Sipe, Jr., Judge *pro tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Petitioner*

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1　　　　Defendant Gina Jeannette Dumont seeks review from the superior court's dismissal of her petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.[1] We grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND[2]

¶2　　　　The victim, Cathy,[3] went to Dumont's home to discuss a small amount of gas money Dumont owed her. Dumont allowed Cathy to come inside, but she appeared erratic and upset. After a brief conversation, Dumont directed her dog to bite Cathy. Dumont then retrieved a baseball bat and swung it at Cathy's head. To shield herself, Cathy raised her right hand, and the bat struck her arm. Cathy's husband, who was waiting outside, helped Cathy leave the home. As they fled, Dumont threw rocks and continued ordering her dog to bite Cathy. Cathy hit the dog with a nearby broomstick and fled in her vehicle.

¶3　　　　Cathy called the police. The responding officer observed that Cathy was distressed and had injuries consistent with dog bites and blunt

---

[1]　　　　Effective January 1, 2020, our supreme court amended the post-conviction relief rules. *See State v. Macias*, 249 Ariz. 335, 338, ¶ 1, n.1 (App. 2020). The amended rules apply to all cases pending on the effective date unless a court determines that applying the rule or amendment would be infeasible or work an injustice. *Id*. Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.

[2]　　　　The facts and procedural background are taken from Dumont's direct appeal. *State v. Dumont*, 1 CA-CR 18-0021, 2019 WL 1219625, at *1, ¶¶ 1–8 (Ariz. App. Mar. 14, 2019) (mem. decision).

[3]　　　　To protect the identity of the victim, we have used a pseudonym.

force trauma to her right arm. Cathy declined medical support, opting to treat her injuries at home.

¶4            When the officer went to Dumont's home with an animal control representative, Dumont screamed derogatory statements and refused to provide a statement. The officer spoke with Dumont through the screen door but did not observe any injuries on her.

¶5            The following day, Cathy woke to discover she had lost blood flow to her right hand and went to the emergency room. Cathy suffered a severe injury to her arm, and doctors considered amputating her hand. Cathy underwent a total of three surgeries and had "over a hundred staples holding [her] arm together." Photographs were taken of her injuries.

¶6            Cathy obtained a protective order against Dumont. Before it could be served, Dumont left voicemails for Cathy, asking her to tell officials she was mistaken regarding the dog bites.

¶7            The state charged Dumont with aggravated assault with a deadly weapon or dangerous instrument, aggravated assault causing substantial but temporary disfigurement, and tampering with a witness. At the trial, Dumont testified that Cathy came into her home uninvited and attacked her. She claimed that she used the baseball bat to defend herself, and Cathy rummaged through her drawers and briefly removed a knife from the silverware drawer. Dumont acknowledged, however, that she did not call police officers or provide them with her version of the incident. The jurors found Dumont guilty of the aggravated assault counts but not guilty of witness tampering.

¶8            At the sentencing, Dumont maintained her innocence. Her counsel told the court that Dumont suffers from mental-health issues—post-traumatic stress disorder ("PTSD")—and asked it to find that the mitigation outweighed the case's aggravation.

¶9            The court stated that it had read and considered the presentence report's information and its two supplements, including Dumont's written statement. The first supplement to the presentence report stated, "[Dumont] reports no history of emotional or mental treatments but advises, 'I have been diagnosed with acute PTSD BY THE Social Security doctor.'" The court, relying on the jury's verdict, rejected Dumont's

self-defense claim. The court found as mitigation that Dumont had no prior felony convictions.[4] Regarding Dumont's mental health, the court stated,

> The Court cannot find as a mitigating circumstance the defendant's mental health issues. I have no doubt the defendant suffers from some mental health issues, but nothing has been presented to me that mental health issues did contribute to her assault on the victim. Again, the defendant is not denying she assaulted the victim. The defendant's position is I was legally justified in doing so to protect myself, and so there's really been no evidence or no connection between any mental illness she may suffer and the assault from the victim in this case. That's the only mitigating circumstance the court can find.

The trial court sentenced Dumont to an aggregate term of 8.5 years' imprisonment.

¶10          Dumont appealed, claiming (1) there was insufficient evidence to support her conviction; (2) error regarding the lack of jury instructions for the self-defense claims under A.R.S. §§ 13-411 (crime prevention), -405(B) (no duty to retreat), and -419 (presumption of reasonableness); and (3) prosecutorial misconduct. *State v. Dumont*, 2019 WL 1219625, at *2–3, ¶¶ 10–22. This court rejected her claims and affirmed her convictions and sentences. *Id.*

¶11          Dumont filed a petition for post-conviction relief. In her petition, she argued ineffective assistance of trial and appellate counsel and the existence of newly discovered evidence.[5] Attached to her petition was a Rule 11 report authored by Dr. Lawrence Schiff. Dr. Schiff conducted the Rule 11 examination after Dumont's conviction in the current case based on

---

[4]     While Dumont had no prior felony convictions, she had eleven misdemeanor convictions—four related to violence.

[5]     In her petition for review to this court, Dumont abandoned all claims except for her claim of ineffectiveness of trial counsel related to failing to present mitigation evidence concerning her mental health. We will not further address claims omitted from the petition for review. Ariz. R. Crim. P. 32.16(c)(4) ("A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review of that issue.").

new charges. In a later supplement, Dumont also provided records concerning a psychiatric hospitalization in 2016.

¶12          Dumont petitioned for review from the superior court's order, arguing the superior court erred by dismissing her claim that trial counsel provided ineffective assistance by failing to present mitigation evidence at sentencing concerning her mental health. We have jurisdiction to consider her claim under A.R.S. § 13-4239(C) and Rule 32.16(a)(1). We grant the petition for review, but for the reasons discussed below, we deny relief.

## DISCUSSION

¶13          We review the superior court's denial of a petition for post-conviction relief for an abuse of discretion. *State v. Saiers*, 196 Ariz. 20, 24, ¶ 14 (App. 1999).

¶14          "A defendant is entitled to an evidentiary hearing when he presents a colorable claim, that is a claim which, if defendant's allegations are true, might have changed the outcome." *State v. Watton*, 164 Ariz. 323, 328 (1990). "If . . . the court determines that no remaining claim presents a material issue of fact or law that would entitle the defendant to relief under this rule, the court must summarily dismiss the petition." Ariz. R. Crim. P. 32.11(a). Put another way, a defendant is entitled to an evidentiary hearing only if the petition for post-conviction relief presents a colorable claim— one that, "if true, would probably have changed the verdict or sentence." *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016) (emphasis omitted) (quoting *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016)). "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish prejudice under *Strickland*, the defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 568, ¶ 25 (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Id.* at 567, ¶ 21.

¶15          In its order dismissing Dumont's petition for post-conviction relief, the court explained that although Dumont's counsel had raised Dumont's PTSD at sentencing, it had concluded that "any mental health issues were insufficient to mitigate" Dumont's sentence given the

circumstances of the offense and aggravating circumstances. Moreover, even after reviewing Dr. Schiff's evaluation and other records related to Dumont's mental health and considering the evidence as a mitigating circumstance, the court specifically found it would still have imposed the same aggravated 8.5-year term of imprisonment for Dumont's most serious offense. Because the result of Dumont's sentences would remain the same, the court concluded she had not established a colorable claim of ineffective assistance of counsel.

¶16        We see no basis to disturb the superior court's conclusion. The sentencing court alone determines the weight to be given evidence offered in mitigation. *State v. Cazares*, 205 Ariz. 425, 427, ¶ 8 (App. 2003); *see also State v. Pena*, 209 Ariz. 503, 509, ¶ 22 (App. 2005) (describing sentencing judge "weighing and balancing aggravating and mitigating factors" to determine sentence within statutory range). As the sentencing judge in Dumont's trial, the court was uniquely positioned to evaluate whether a reasonable probability existed that the additional information Dumont claimed her trial counsel should have presented would have changed her sentence. *See* Ariz. R. Crim. P. 32.10(a) ("The presiding judge must, if possible, assign a proceeding for post-conviction relief to the sentencing judge."); *Mann v. Ryan*, 828 F.3d 1143, 1157 (9th Cir. 2016) (deferring to Arizona state post-conviction court's conclusion that failure to raise mitigation evidence would not have changed the sentence imposed, in part, because the judge "was the same judge who had handed down Mann's initial sentence, giving him particular insight into how the additional evidence would, or would not, have changed Mann's mitigation profile").

¶17        In *State v. Morales*, 170 Ariz. 360, 365 (App. 1991), for example, this court addressed a petition for review alleging trial counsel had provided ineffective assistance by failing to present detailed mitigation evidence concerning the defendant's post-traumatic stress disorder. Because the defendant's mental-health issues were touched upon in the presentence report and the superior court found "its sentences would have been the same even if the evidence had been presented earlier," we deferred to the superior court and found no error. *Id.*

¶18        Here, Dumont's trial counsel raised Dumont's mental-health issues to the court at sentencing. The evidence presented in her post-conviction relief petition merely added more detail on her symptomology and diagnoses. After considering the additional information provided by Dr. Schiff's evaluation and other records, the court expressly concluded it would have imposed the same sentence.

**¶19**        As in *Morales*, this "assessment is not something we can overturn on review." 170 Ariz. at 365; *Mann*, 828 F.3d at 1157–58; *see also, e.g.*, *State v. Arzaga*, 2 CA-CR 2020-0029-PR, 2020 WL 4370950, at *2, ¶ 4, *4, ¶ 13 (Ariz. App. July 30, 2020) (mem. decision) (court of appeals affirmed no colorable claim after the superior court concluded that the sentence would "be the same" even if the defendant was correct that the statutory aggravating factor found by the jury was inapplicable when applied to the current offense); *State v. Alvarez*, 1 CA-CR 15-0363 PRPC, 2017 WL 2180359, at *1, ¶ 2 (Ariz. App. May 18, 2017) (mem. decision) (no colorable claim concerning trial counsel's failure to interview codefendant when the superior court concluded that "the information in the codefendant's affidavit would have had no effect on the court's decision to impose a seven-year sentence even if known by the court prior to sentencing").

**¶20**        Accordingly, Dumont has failed to establish that she suffered prejudice because her trial counsel failed to request a mental-health evaluation or present more detailed mental-health-mitigation evidence at sentencing. The court did not abuse its discretion by summarily dismissing the claim.

**¶21**        We grant review but deny relief.

