NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SHELDON JOHN WHITEBIRD, *Petitioner*.

No. 1 CA-CR 25-0275 PRPC

FILED 12-10-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2022-001885-001
The Honorable Suzanne M. Nicholls, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Respondent*

Law Office of Stephen M. Johnson, Phoenix
By Stephen M. Johnson
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1          Sheldon John Whitebird seeks review of the superior court's dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In April 2021, while intoxicated, Whitebird drove his truck onto a sidewalk in Tempe, where three people were standing, striking two and endangering the third. Whitebird fled the scene of the accident. A grand jury indicted Whitebird on one count of leaving the scene of a serious injury accident, a class 2 felony; endangerment, a class 6 dangerous felony; two counts of aggravated assault, a class 3 dangerous felony; and four counts of aggravated driving while under the influence of intoxicating liquor or drugs, a class 4 felony.

¶3          Whitebird entered into a plea agreement in which he pled guilty to one count of leaving the scene of a serious injury accident and one count of aggravated assault, with the remaining counts dismissed with prejudice.

¶4          The State filed its sentencing memorandum the morning of the sentencing hearing, which recommended that Whitebird receive the maximum sentence for Count 2, fifteen years. It also recommended that the court suspend Whitebird's sentence on Count 1 and place him on five years of supervised probation. The State alleged three aggravating factors under Arizona Revised Statutes ("A.R.S.") § 13-701(D) and listed several more under the catch-all aggravating factor of A.R.S. § 13-701(D)(27). At the sentencing hearing, one of the victims and his family read statements detailing the serious and life-threatening physical injuries as well as the emotional impacts from the accident. The State again recommended that Whitebird receive the statutory maximum for Count 2 and probation for Count 1.

**¶5**       Whitebird presented several mitigating factors during the sentencing hearing. The superior court, noting it had considered those factors along with several aggravating factors, sentenced Whitebird to fifteen years for Count 2, the maximum under A.R.S. § 13-704(A), and five years of supervised probation for Count 1.

**¶6**       Whitebird petitioned for PCR, claiming the imposed sentence was unlawful, but the superior court summarily denied the petition. Whitebird sought review, and we have jurisdiction under A.R.S. §§ 13-4031 and -4239 and Rule 33.16.

**DISCUSSION**

**¶7**       "This court will not disturb a superior court's ruling on a petition for [PCR] absent an abuse of discretion." *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). But we review the superior court's legal conclusions *de novo*, and the petitioner bears the burden of proving the superior court abused its discretion by denying the PCR petition. *Id.*

**¶8**       On review, Whitebird alleges four errors about his sentencing: (1) the court failed to give him adequate notice of its intent to impose the maximum sentence; (2) the court failed to weigh mitigating evidence adequately; (3) the court failed to exclude inflammatory victim statements; and (4) the court did not impose a sentence in accordance with the reasonable expectations created by the plea negotiations. We review each claim in turn.

**A.       Whitebird Waived Any Right to Notice of a Potential Aggravated Sentence.**

**¶9**       Whitebird claims the court failed to give him notice of its intent to impose the maximum sentence for Count 2. The court sentenced Whitebird under A.R.S. § 13-704 as a first-time dangerous offender.

**¶10**       For a first-time non-dangerous offender, A.R.S. § 13-702(E) requires a court to "inform all of the parties before sentencing occurs of its intent to increase or decrease a sentence to the aggravated or mitigated sentence." But A.R.S. § 13-702(E) also states that a party who fails to object at the time of sentencing waives the right to be so informed. For dangerous offenders under A.R.S. § 13-704, only subsection F (applicable to convictions of two or more dangerous offenses) has a similar notice requirement. There is no statutory notice requirement for the other types of dangerous offenders. Whitebird's conviction did not invoke the statutory

3

notice requirement. And even if it did, Whitebird's failure to object during the sentencing hearing waived the right to raise the claim.

¶11        Whitebird argues that even if such a waiver occurs, due process still requires fair notice, and that the State's filing of its sentencing memorandum the morning of his sentencing "compounded this unfairness." Whitebird's reliance on *State v. Schmidt*, for this argument is mistaken because *Schmidt* held only that the use of a "catch-all" aggravator under A.R.S. § 13-701(D)(27) "as the sole factor to increase a defendant's statutory maximum sentence" violates due process. 220 Ariz. 563, 566, ¶ 10 (2009). Whitebird does not allege in his petition, nor does the transcript support, that the superior court sentenced him to the maximum sentence based on a "catch-all" aggravator alone.

¶12        Whitebird pled guilty to a dangerous offense, and his plea agreement advised him of the statutory maximum for that offense. *See* Rule 17.2. Despite receiving the State's memorandum the morning of sentencing, he presented mitigating evidence during the sentencing hearing, which the court expressly considered. Whitebird fails to explain what other evidence he would have presented at sentencing with more notice. We find no prejudice in any alleged improper notice of the State's sentencing recommendation. *See State v. Bocharski*, 218 Ariz. 476, 482, ¶ 12 (2008) ("We review a failure to provide timely notice of aggravating circumstances for prejudice.").

## B.        The Court Properly Considered Whitebird's Mitigating Evidence.

¶13        Whitebird claims that, despite the presence of mitigating factors, the court imposed the maximum sentence without explaining how it weighed them. During sentencing, the superior court explicitly listed the mitigating and aggravating evidence it considered. Then it stated that the court found the aggravating circumstances "sufficiently substantial to warrant a maximum sentence" for Count 2.

¶14        The superior court has discretion over the weight to be given to any presented mitigating factor. It need not find mitigating circumstances or explain how it weighed the factors presented. *State v. Cazares*, 205 Ariz. 425, 427, ¶ 8 (App. 2003). Here, the superior court explained it considered "all the mitigating and aggravating factors," and that by sentencing Whitebird to the maximum, it was not "completely devaluing any mitigation." Thus, we conclude the court properly considered the mitigation evidence. *See id.*

**C.    Whitebird Fails to Show the Victims' Statements Unduly Influenced the Court.**

**¶15**        Whitebird asserts that the victims' statements during sentencing were extensive and "emotionally charged" and thereby unduly influenced the court to impose the maximum term.

**¶16**        Victims have the right to make statements during sentencing that inform the sentencer of the specific harm caused by the crime. *State v. Bush*, 244 Ariz. 575, 594, ¶ 80 (2018). Whitebird asserts that while victim impact statements are admissible, they cannot be so unduly prejudicial that the trial is unfair. *See Bocharski*, 218 Ariz. at 488, ¶ 51. But "[w]hen victim impact evidence is offered, we have generally assumed that the sentencing judge is capable of focusing on the relevant factors and setting aside the irrelevant, inflammatory, and emotional factors, absent evidence to the contrary." *State v. Spears*, 184 Ariz. 277, 292 (1996). Here, aside from characterizing the victims' statements as emotionally charged, Whitebird fails to show how those statements unduly influenced the court. We decern no error.

**D.    The Sentence Was Within the Statutory Limits, Consistent with the Plea Agreement, and Did Not Violate Reasonable Expectations.**

**¶17**        Whitebird claims that imposing the maximum sentence for Count 2 violated Whitebird's reasonable expectations for his sentence based on the plea agreement negotiations. Whitebird argues that he had a reasonable expectation of receiving a sentence of 7.5 to 10 years for Count two, based on the discussions surrounding the plea deal.

**¶18**        "The terms of plea agreements must be meticulously adhered to, and [the defendant's] reasonable expectations under the agreement should be accorded deference." *State v. Rosenbaum*, 123 Ariz. 551, 553 (App. 1979). A violation occurs not only when the State directly breaks its promise in a plea agreement, "but also when the spirit of the inducement, reasonably inferred from the written agreement, is breached." *State v. Ross*, 166 Ariz. 579, 583 (App. 1990) (quotation omitted).

**¶19**        Here, the plea agreement required Whitebird to plead guilty to Count 1, leaving the scene of a serious injury accident, and Count 2, aggravated assault. The agreement informed Whitebird that count two carried a maximum sentence of fifteen years. The court sentenced Whitebird to 15 years for Count 2 and placed him on probation for Count 1. These sentences fall within the statutory limits and the terms of the plea

agreement, and the superior court gave due consideration to all the evidence presented at sentencing. *See Cazares*, 205 Ariz. at 427, ¶ 6.

¶20 Whitebird relies on these statements by the prosecutor to assert his reasonable-expectation claim.

> So I can't make any promises as far as what that plea will look like. What I can tell you is that I don't see the plea offer being less than the trial exposure, so I don't see - I see us asking you to plea guilty to what potentially could be what you get at trial, but with that being said as well, I recognize that, you know, this would be a trial that's traumatic for essentially everyone involved, and I'd like to avoid that if we can.

> So my plea offer thought process at this point is, because Mr. Crawford told me that it might be helpful for you and for your family to start hearing some numbers of what some potential possibilities, I think that a plea offer is probably going to be somewhere around 7-1/2, 10 years. That would probably be likely is that it's going to be significant, and it's going to require also probably probation after you come out of custody to keep you monitored while you're out of custody.

> But the plea offer is not going to be essentially less than what you could get after trial, so it's just more minimizing of what the Court has available to them and how much that they could sentence you to. That's essentially what I think our offer will be, but I can't promise anything without talking with the other victims first.

The State made no promises about its plea offer or its sentencing recommendation if Whitebird accepted the ultimate plea agreement. Whitebird did not get a plea offer of seven and a half to ten years, and any reliance by him on the prosecutor's statements during the settlement conference was not reasonable.

¶21 The superior court acted within its discretion by finding substantial aggravating evidence to warrant imposing the maximum sentence under the statute. *See Cazares*, 205 Ariz. 426–27, ¶¶ 5–9. Whitebird failed to make a colorable claim.

## CONCLUSION

**¶22** We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR